IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                                    CRIMINAL NO.1:09cr4WJG-JMR-1

EDWARD SCOTT YANCEY

PRELIMINARY ORDER OF FORFEITURE

THIS MATTER is before the Court on motion [20] of the United States of America, [United States], for a preliminary order of forfeiture pursuant to Rule 32.2 of the FEDERAL RULES OF CRIMINAL PROCEDURE, against Defendant Edward Scott Yancey. The Court, having considered the record in this matter, finds as follows:

On April 8, 2009, Defendant Edward Scott Yancey pleaded guilty to the violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), charged in the one-count Indictment filed in the above-styled cause. The Indictment included a Notice of Forfeiture of certain personal property of the Defendant under 18 U.S.C. § 924(d). The Court finds that the property itemized in the United States' motion, (Ct. R., Doc. 20, p. 1) is subject to forfeiture pursuant to 18 U.S.C. § 924(d) and Rule 32.2 of the FEDERAL RULES OF CRIMINAL PROCEDURE; that Defendant has an interest in the property; and that the United States has established the requisite nexus between the subject property and such offense. It is therefore,

ORDERED, that the motion [20] of the United States for a preliminary order of forfeiture pursuant to Rule 32.2 of the FEDERAL RULES OF CRIMINAL PROCEDURE, against Defendant Edward Scott Yancey be, and is hereby, granted. It is further,

ORDERED, that the following personal property of Defendant Edward Scott Yancey be, and is hereby, forfeited to the United States:

> One Glock 9-millimeter caliber pistol, model 26, bearing serial number BPV857.

It is further,

ORDERED, that the United States shall publish notice of this Order and its intent to dispose of the property in such a manner as the United States Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property. It is further,

ORDERED, that any person, other than the above-named Defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the subject property and for an amendment of the order of forfeiture, pursuant to 18 U.S.C. § 982(b)(1), Title 18, United States Code. It is further,

ORDERED that any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, any additional facts supporting the petitioner's claim, and the relief sought. It is further,

ORDERED that after the disposition of any motion filed under Rule 32.2(c)(1)(A) of the FEDERAL RULES OF CRIMINAL PROCEDURE, and before a hearing on the petition, discovery may be conducted in accordance with the FEDERAL RULES OF CIVIL PROCEDURE upon a showing that such discovery is necessary or desirable to resolve factual issues. It is further,

ORDERED that the United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n), which is incorporated by 18 U.S.C. § 982(b), for the filing of third party petitions. It is further,

ORDERED that pursuant to Rule 32.2(b)(3) of the FEDERAL RULES OF CRIMINAL PROCEDURE, this Preliminary Order of Forfeiture shall become final concerning this Defendant at the time of sentencing, or before sentencing should Defendant consent, and shall be made part of the sentence and included in the judgment. It is further,

ORDERED that should this Preliminary Order of Forfeiture become the Final Order of Forfeiture, it shall be enrolled in all appropriate Judgment Rolls. It is further.

ORDERED the Court shall retain jurisdiction of this matter for the enforcement of its orders, and to amend its orders as necessary, pursuant to Rule 32.2 of the FEDERAL RULES OF CRIMINAL PROCEDURE.

SO ORDERED this the 1st day of July, 2009.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE